IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MOSES A. HARRIS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | 1:11-CV-411 |
| GERALD BRANEKER, | ) ) | |
| Respondent. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge

This matter is before the Court on a 28 U.S.C. § 2254 petition for writ of habeas corpus filed by Moses A. Harris on May 20, 2011. The respondent has filed a Motion for Summary Judgment. (Doc. 4.) Because Mr. Harris has not shown that his procedurally defaulted claims should be excused or that the state court decisions on his other claims were unreasonable or contrary to clearly established federal law, the petition should be denied.

**Background**

On September 12, 2007, after a jury trial presided over by the Honorable Henry E. Frye, Jr., Mr. Harris was found guilty of resisting a public officer. (Doc. 5-2 at 31.) The jury was unable to reach a verdict on a charge of possession with intent to manufacture, sell, or deliver cocaine, and sentencing on the charge of resisting a public officer was deferred pending retrial of the cocaine charge. (Doc. 5-18 at 78-83.) On April 23, 2008, after a trial presided over by the Honorable Judson D. DeRamus, Jr., a second jury found Mr. Harris guilty of the cocaine charge, (Doc. 5-2 at 35), and of being an habitual felon. (*Id.* at 72.) Judge DeRamus sentenced Mr. Harris to a term of 130 to 165 months' imprisonment. (*Id.* at 75-76.) On appeal, the North Carolina Court of Appeals found no error. *State v. Harris*, 198 N.C. App. 371, 372, 679 S.E.2d

464, 465 (2009). A petition for discretionary review was denied by the North Carolina Supreme Court on August 27, 2009. (Doc 5-8.)

On October 18, 2010, Mr. Harris filed a pro se motion for appropriate relief ("MAR") in the Forsyth County Superior Court. (Doc. 5-9.) On February 23, 2011, the Superior Court, Judge William Z. Wood, Jr. presiding, denied the MAR as procedurally barred. (Doc 5-10.) On March 28, 2011, Mr. Harris filed a petition for writ of certiorari in the North Carolina Court of Appeals seeking review of the denial of his MAR, and that court dismissed the petition on April 13, 2011. (Doc 5-11.) On April 29, 2011, Petitioner filed another petition for writ of certiorari, which the North Carolina Court of Appeals denied on May 12, 2011. (Doc. 5-14.)

The North Carolina Court of Appeals succinctly summarized the facts underlying Mr. Harris's convictions as follows:

> On the evening of 18 January 2007, Officers Michael C. Knight, Christopher Luper, and Richard Workman (collectively "the officers") of the Winston-Salem Police Department were on patrol in an unmarked vehicle in the Easton Community of Forsyth County. At approximately 11:45 p.m., the officers approached the intersection of Easton Drive and Louise Road, where defendant and another male were standing. Defendant, holding something in his left hand, walked towards the officers' vehicle, waived his right hand, and yelled, "Yo! Yo! I got it." When Officer Knight and Officer Workman stepped out of the car in their police uniforms, defendant looked "shocked" and ran away. While Officer Knight and Officer Workman ran after defendant, they saw him throw something toward a nearby tree. Officer Workman stopped at the tree and discovered four plastic bags, which collectively contained 2 grams of cocaine base, otherwise known as crack cocaine. Officer Knight continued to chase the defendant until Officer Luper intercepted and placed defendant under arrest.

*Harris*, 198 N.C. App. at 372-73, 679 S.E.2d at 465.

Mr. Harris raises the following grounds for relief in his § 2254 petition: (1) that the trial court erroneously sentenced him to 130 to 165 months' imprisonment in violation of his due process and equal protection rights; (2) that the trial court violated his due process rights by

2

Case 1:11-cv-00411-CCE-LPA   Document 8   Filed 01/23/13   Page 2 of 6

admitting into evidence his prior crimes to show his criminal propensity; (3) that Judge DeRamus was collaterally estopped from overruling Judge Frye's prior ruling excluding evidence of Mr. Harris's prior crimes; (4) that the trial court violated his right to equal protection in charging him as a sentencing condition for the expense of having his September 2007 trial transcribed despite his indigence; and (5) that the trial court violated his due process rights when it failed to order complete recordation.[1] (Doc. 1 at 5-11; Doc. 7 at 4.)

**Analysis**

In reviewing petitions for writs of habeas corpus, courts are "guided and restricted by the statutory language of 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996" ("AEDPA"), and by the "wealth of Supreme Court precedent interpreting and applying this statute." *Richardson v. Branker*, 668 F.3d 128, 132 (4th Cir.), *cert. denied*, 133 S. Ct. 441 (2012). As the Fourth Circuit noted in *Richardson*,

> We are mindful that "state courts are the principal forum for asserting constitutional challenges to state convictions," that habeas corpus proceedings are a "guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal," and that a federal court may only issue the writ if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents."

*Id.* at 132 (quoting *Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 786-87 (2011)).

The Court will only grant a writ of habeas corpus for a claim adjudicated on the merits in state court if the state court's adjudication "[i]s contrary to, or involved an unreasonable application of, clearly established federal law" or "[i]s based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d); *Richardson*, 668 F.3d at 138. A

---

[1] In his brief in opposition to the State's motion for summary judgment, (Doc. 7), Mr. Harris raised additional arguments concerning sufficiency of the evidence and jury instructions, but he did no more than mention these arguments and did not cite any legal authority in support of these arguments. The Court therefore will not address those arguments.

3

federal court may not consider the merits of claims that were found defaulted under a state procedural rule unless the petitioner shows cause for the default and resulting prejudice or actual innocence. *Teleguz v. Pearson*, 689 F.3d 322, 327 (4th Cir. 2012).

Mr. Harris first contends that the trial court erroneously sentenced him to 130 to 165 months' imprisonment in violation of his due process and equal protection rights. Specifically, he contends that he was sentenced in the aggravated range without a finding by the jury of the facts necessary to support the aggravated sentence. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding that Sixth Amendment right to jury trial applies to any fact that increases the penalty for a crime beyond the prescribed statutory maximum). This claim was rejected by the MAR court as procedurally barred under N.C. General Statute § 15A-1419(a) since Mr. Harris was in an adequate position to raise the claim on direct appeal and did not do so. (Doc. 5-10 at 3.) Mr. Harris has not shown cause and prejudice to excuse this default, nor has he raised a claim of actual innocence.

Even if Mr. Harris's claim was not procedurally defaulted, his argument fails because Mr. Harris was sentenced in the presumptive range, not the aggravated range. As an habitual felon with a prior record level of IV, the minimum presumptive range was 107 to 133 months imprisonment; the corresponding maximum presumptive range was 138 to 169 months imprisonment. Mr. Harris was sentenced to 130 to 165 months, within the presumptive range.

Mr. Harris's next two arguments concern testimony at his second trial about his prior drug activity. At Mr. Harris's first trial, Judge Frye excluded evidence of Mr. Harris's prior drug crimes under Rule 404(b) of the North Carolina Rules of Evidence; at his second trial, Judge DeRamus ruled the evidence was admissible. Mr. Harris contends that the trial court violated his due process rights by admitting this evidence and by changing the ruling of the first trial judge.

4

This claim is also procedurally defaulted, as the MAR court rejected it as procedurally barred under N.C. General Statute § 15A-1414(b). (Doc. 5-10 at 2.) Again, Mr. Harris has not shown cause and prejudice to excuse this default, nor has he raised a claim of actual innocence. In the alternative, Mr. Harris has cited no authority for the proposition that admitting evidence of a defendant's previous similar drug sales is a constitutional violation.

Mr. Harris raised on direct appeal his contention that Judge DeRamus was collaterally estopped from overruling Judge Frye's prior ruling excluding evidence of prior crimes. The North Carolina Court of Appeals explicitly rejected this contention, *Harris,* 198 N.C. App. at 375-377, 679 S.E.2d at 467-68, and that ruling is entitled to deference. Mr. Harris has cited no authority for the proposition that North Carolina's procedural rules allowing a judge in a second trial to make independent evidentiary rulings violates the Constitution. This was not an acquittal implicating the Double Jeopardy Clause. Mr. Harris has not shown a constitutional violation.

Next, Mr. Harris contends that the trial court violated his right to equal protection in charging him, an indigent defendant, for the expense of having his September 2007 trial transcribed as a sentencing condition. This argument was also raised before the North Carolina Court of Appeals and was rejected. *Id.* at 377-78, 679 S.E.2d at 468-69. That ruling is entitled to deference. Moreover, the record establishes that he was provided with a transcript of his first trial before his second trial began, and that he had transcripts of both trials for use on appeal. No constitutional violation has been shown. *Cf. Alexander v. Johnson*, 742 F.2d 117, 124-26 (4th Cir. 1984) (upholding as constitutional North Carolina's statutory scheme for recovering costs of court-appointed counsel).

Finally, Mr. Harris contends that the trial court violated his due process rights by failing to order complete recordation at his second trial. It is not clear that Mr. Harris has ever raised

5

this argument before the state courts. *See* 28 U.S.C. § 2254(b)(1); *Winston v. Kelly*, 592 F.3d 535, 549 (4th Cir. 2010) (holding that a habeas petitioner must exhaust his claims by presenting to the state court the operative facts underlying the claims and the controlling legal principles). On direct appeal, he contended that Judge Frye's order for complete recordation at the first trial "carried over" to the second trial, but it does not appear he made a constitutional argument. Nor does it appear he raised this issue before the state court in his MAR. (Doc. 5-9.) In any event, Mr. Harris has cited no authority for the proposition that the Constitution requires complete recordation when it is not specifically requested at a second trial. No constitutional violation has been shown. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

## CONCLUSION

Mr. Harris has not shown cause and prejudice or actual innocence to excuse his procedural default, nor has he shown that the state court decisions on his not-defaulted claims were unreasonable or contrary to clearly established federal law. He is not entitled to issuance of the writ. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, the Court denies a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); Habeas Corpus Rule 11(a).

It is **ORDERED** that the State's Motion for Summary Judgment (Doc. 4) is **GRANTED** and the petition is **DISMISSED** with prejudice. A certificate of appealability shall not issue.

This the 23rd day of January, 2013.

_____
UNITED STATES DISTRICT JUDGE

6

Case 1:11-cv-00411-CCE-LPA   Document 8   Filed 01/23/13   Page 6 of 6